**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| ZE MONTRE MACK,<br><br>*Plaintiff*,<br><br>v.<br><br>UNKNOWN MARSHALL and ALEX WILLIAM PETTIS,<br><br>*Defendants.* | ) | No. 4:25-cv-01678-JMD |

**MEMORANDUM AND ORDER**

*Pro se* inmate Ze Montre Mack asserts that a police officer "used [a] K9 dog as an excessive weapon" during an arrest and left him with "severe gashes" on his leg. ECF 1 at 4. Because the Court grants Mack's motion to proceed *in forma pauperis*, ECF 3, the Court must screen his complaint for frivolity, maliciousness, and failure to state a claim. 28 U.S.C. § 1915(e)(2). The Court finds that Mack pleads sufficient facts to survive this initial review and requests that the Clerk of Court issue process on the defendants.

**Background**

The Court accepts Mack's well-pleaded facts as true and liberally construes his complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Though his complaint is not entirely clear, Mack appears to state that he "was on [his] hand[s] and knees" while defendant officers arrested him. ECF 1 at 4 (suggesting the arrest was related to either "a warrant for 4th degree domestic assault" against him or because one of the defendant officers "accused [him] of stealing as probable cause"). At that point, he contends that an "officer used the K9 dog as an excessive weapon." *Id.* Mack adds that he suffered gashes on his leg that left him "limping." *Id.*

## Analysis

At this early stage, the Court cannot dismiss Mack's petition. He is eligible to proceed *in forma pauperis*, and he plausibly alleges a claim of excessive but nondeadly force under the Fourth Amendment. But he is not entitled to appointed counsel.

### Motion to Proceed *In Forma Pauperis*

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating the inability to pay. *Id.* In addition to the standard *in forma pauperis* affidavit, a prisoner must provide a certified copy of his inmate-account statement for the "6-month period immediately preceding the filing of the complaint." *Id.* § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee of 20 percent of the higher of the average monthly deposits or the average monthly balance in the prisoner's account. *Id.* § 1915(b)(1). After that, the litigant must make monthly payments equal to 20 percent of his income until the litigant pays the fee in full. *Id.* § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the [C]lerk of the [C]ourt each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Having reviewed the information contained in Mack's *in forma pauperis* motion, the Court finds that Mack has insufficient funds to prepay the filing fee. Based on the limited financial information available, the Court will assess an initial partial filing fee of $1.00. *See*

*id.* § 1915(b)(1). If Mack is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

**Fourth Amendment Claim**

Mack's Fourth Amendment claim survives frivolity review. To determine whether an official violated the Fourth Amendment, the Court must pay "careful attention to the facts and circumstances of each particular case." *Graham v. Connor*, 490 U.S. 386, 396 (1989); *see also Cole v. Bone*, 993 F.2d 1328, 1333 (8th Cir. 1993) (explaining that "the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation" (cleaned up)). For the use of police dogs, the Court must assess the "totality of the circumstances" to determine whether such force was legally "reasonable." *Graham*, 490 U.S. at 396 (citations omitted); *Kuha v. City of Minnetonka*, 365 F.3d 590, 598 (8th Cir. 2003) ("[R]eview of excessive force claims involving police dogs is properly governed by the general standard established in *Graham* . . . ."). Courts examine several factors, including (1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of the officers or others; and (3) whether the suspect actively resisted arrest or attempted to evade the arrest by flight. *Graham*, 490 U.S. at 396.

Mack's complaint is sufficient at this early stage of review. He states that he "was on [his] hand[s] and knees," and he does not state any facts that indicate he posed an immediate threat to officers or the public or that he was resisting arrest or attempting to flee. ECF 1 at

4, 7. Accepting the stated facts as true and liberally construing his complaint, Mack could prevail on his Fourth Amendment claim.

**Motion to Appoint Counsel**

In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id.* (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

The Court finds that appointment of counsel is not warranted at this time. Mack has demonstrated up to this point that he can adequately present his claims to the Court. Additionally, neither the factual nor legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

**Conclusion**

The Court **GRANTS** Mack's motion for leave to proceed *in forma pauperis*, ECF 3, and requires that he pay the initial partial filing fee of $1.00. The Court **DENIES** his motion to appoint counsel, ECF 2, without prejudice. **IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the defendants.

Dated this 11th day of August, 2026

Joshua Divine

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE

FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI